UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\- - -

| | |
|---|---|
| CALIFORNIA SPORTSFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RIVER CITY WASTE RECYCLERS, LLC, a California Limited Liability Company,<br><br>Defendant. | No. 2:14-cv-01452-KJM-CKD |

DEPOSITION OF

MICHAEL FISCHER

RANCHO CORDOVA, CALIFORNIA

September 16, 2015

ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY: STACY A. MARSALA, CSR NO. 10832

FILE NO.: A90A4B8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\- - -

| | | |
|---|---|---|
| CALIFORNIA SPORTSFISHING PROTECTION ALLIANCE, a non-profit corporation, | ) | |
| Plaintiff, | ) | No. 2:14-cv-01452-KJM-CKD |
| vs. | ) | |
| RIVER CITY WASTE RECYCLERS, LLC, a California Limited Liability Company, | ) | |
| Defendant. | ) | |

Deposition of MICHAEL FISCHER, taken on behalf of Plaintiff, at Regional Water Quality Control Board, 11020 Sun Center Drive, Suite 200, Rancho Cordova, California, commencing at 1:14 p.m., Wednesday, September 16, 2015, before STACY A. MARSALA, CSR No. 10832.

the deposition?

A. I did not.

Q. Let me just ask a few background questions. Let me start with what your position is at the Regional Board.

A. I work in the compliance and enforcement section. I'm an engineer. I work across different units -- NPDS, industrial and construction storm water, a few mines and a couple landfills.

Q. How long have you been with the regional board?

A. Five and a half years.

Q. And did you attend college?

A. I did.

Q. Where did you go?

A. I went to Humboldt State University.

Q. When was that?

A. Graduated in 2000.

Q. You received a degree there?

A. Yeah, bachelor's of science in environmental engineering.

Q. Any graduate school or other college after that?

A. No.

Q. Any other certification type programs that you took to get any type of license associated with your

A. Not that I'm aware of.
Q. Would you normally be aware of that if it were to have happened?
A. Depending on if it was a reporting type violation, I wouldn't be aware of it. If it was a bigger ACL, I would be aware of it.
Q. When you do site inspections, would you have the authority to issue any kind of violation, citation or notice of violation?
A. Yes.
Q. What are your options like in the field that you would have to use?
A. In the field, we normally would just give a verbal enforcement, basically a warning, and upon returning to the office, we would write a more formal notice of violation. It is still informal enforcement. We'd write a notice of violation letter.
Q. You are not required to issue any kind of notice, though, after an inspection?
A. We are not required, no.
Q. Even if you saw violations other times where you don't issue notices of violation?
A. There are times when that happens, yes.
Q. Would that be quite common, or would you usually do a notice of violation?

Q. Would straw waddles take out dissolved metals?
A. Dissolved? No, not that I'm aware of.
MR. LOZEAU: Off the record.
(Brief recess taken.)
MR. PRUNER: Back on the record, please. Thank you, ma'am.

EXAMINATION

BY MR. PRUNER:
Q. Michael, my name is Mark Pruner. I represent River City in this deposition, and you have met my -- you met the managing member who is immediately to my right and your left, Bryan Wilson; is that correct?
A. That's correct.
Q. How many times have you met with -- personally met with Mr. Wilson?
A. Twice.
Q. And that would be the May 12 event and the -- I'm sorry, the Exhibit 3 and the May 12 -- let me get those dates here. Oh, November 1, 2012, that inspection, and the May 2015 inspection; is that correct?
A. Yes, during the two inspections.
Q. Have you communicated with Mr. Wilson at any time by telephone?
A. I don't recall.

REPORTER'S CERTIFICATE

I, STACY A. MARSALA, CSR No. 10832, Certified Shorthand Reporter, certify:

That the foregoing proceedings were taken before me at the time and place therein set forth, at which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the examination were recorded stenographically by me and were thereafter transcribed;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Reading and signing was not requested.

Dated this 19th day of November, 2015.

_________________________
STACY A. MARSALA
CSR No. 10832