UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a Non-Profit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> RIVER CITY WASTE RECYCLERS, LLC, <br><br> Defendants. | No. 2: 14-cv-01452-KJM-CKD <br><br><br> <u>ORDER</u> |

      Plaintiff California Sportfishing Protection Alliance (CSPA) filed the complaint in this action on June 17, 2014, Compl., ECF No. 1, and defendant River City Waste Recyclers, LLC (River City) answered on August 4, 2014, ECF No. 5.  CSPA moved for partial summary judgment on November 20, 2015, along with a request for judicial notice, ECF Nos. 19, 23.  On December 4, 2015, River City opposed the motion, ECF No. 27; a day later River City filed a statement of objections to CSPA's evidence, and a request for judicial notice that CSPA does not exist, ECF No. 30.  The request for judicial notice supports River City's challenge to CSPA's standing, based solely on the fact that CSPA's name as set forth in the complaint does not include a "The" at the beginning, to conform to what appears to be CSPA's correct legal name.  ECF No. 30 at 1-2.  River City's objections also incorporated an improperly noticed motion to strike Bryan

Wilson's deposition, ECF No. 25-25, which River City argues is incorrect and incomplete because it omits an appended sheet of corrections.

Because River City declined to stipulate to CSPA's correcting its name as set forth in the complaint, CSPA filed a motion for leave to amend and an ex parte application to shorten time advancing hearing on the motion to amend to resolve a simple threshold question. ECF Nos. 32, 33. River City opposed the motion for leave to amend, arguing prejudice and undue delay. ECF No. 34. River City also argues that CSPA's misspelling of "Sportfishing" as "Sportsfishing" in noticing the motion for leave to amend created further confusion. ECF No. 37 at 4. River City further requests the court continue hearing on summary judgment for sixty (60) days so it may amend its answer in response to any amended complaint and conduct additional research into its defense. ECF No. 37 at 2-3.

"By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting . . . it – an attorney . . . certifies that to the best of [his] knowledge, information, and belief," formed after a reasonable inquiry, that "the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b).  Here, the Supreme Court long ago clarified that a mistake in a corporate plaintiff's name does not affect its ability to sue. *See Baltimore & P.R. Co. v. Fifth Baptist Church of Washington*, 137 U.S. 568, 572 (1891) (a "mere mistake in the name of a corporation plaintiff, which does not affect its capacity to sue in the right name, is pleadable in abatement only, and is waived by pleading to the merit."). River City previously answered the complaint, and the case has proceeded to the summary judgment stage without its identifying this purportedly fundamental flaw. Moreover, omission of the word "The" from CSPA's name cannot reasonably raise a doubt as to who is pursuing this action, given that there is no indication that there are two organizations, one whose name contains a "The" and one whose does not. Nor is this a trademark action in which such niceties might make a whit of difference. Given that fact discovery has long ago concluded, ECF Nos. 17, 37, it is patently unreasonable for River City and its counsel to say they had no idea who the plaintiff was or that they were "hindered in finding one or more qualified experts" because of the missing "The" in CSPA's name. ECF No. 37 at 3.

1	The court also considers but ultimately finds unpersuasive River City's objections to Exhibit Y of Davis's declaration.  In the objection, River City contends that the document is incomplete and incorrect because it does not append the correction page Wilson had provided after reviewing the transcript.  River City requests the court strike the exhibit. ECF No. 30 at 2; ECF No. 30-2 Ex. B; Davis Decl. Ex. Y.

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to correct his deposition testimony, and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B).  "A statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose." *See Hambleton*, 397 F.3d at 1224-25 (party violated Fed. R. Civ. P. 30(e) by not providing the reasons for the corrections and by not requesting a review of deposition in order to make corrections).

While no correction page was attached to CSPA's exhibit, this omission could have been cured easily by River City's submission of the corrections page and any statements explaining the corrections.

The trivial disputes raised by River City's motions could have and should have been resolved through a meet-and-confer to the extent they needed to be resolved at all at this stage of the litigation.  River City and its counsel have made mountains out of mole hills by insisting that the court expend resources to resolve unimportant or minor matters.  The court reminds River City and its counsel that Federal Rule of Civil Procedure 11(b)(1) prohibits an attorney from presenting a filing for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

IT IS THEREFORE ORDERED that River City show cause within three days of the date of this order why it should not be sanctioned in the amount of $250 for acting in bad faith.  Fed. R. Civ. P. 11(b).

The court DENIES River City's request to continue the hearing on motion for partial summary judgment, which will proceed as previously scheduled on January 29, 2016.  The

court DENIES the CSPA's motion for leave to amend the complaint as UNNECESSARY and VACATES the January 29, 2016 hearing on the motion for leave to amend ONLY.  The court DENIES River City's request to strike ECF No. 25-25 given that it has filed the correction page.

        SO ORDERED.

DATED:  January 27, 2016.

                                        UNITED STATES DISTRICT JUDGE